956 F.2d 270
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RITH ENERGY, INC., Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-5804.
 United States Court of Appeals, Sixth Circuit.
 Feb. 26, 1992.
 
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and BERTELSMAN, Chief District Judge.*
 PER CURIAM.
 
 
 1
 This is an appeal from the dismissal of a lawsuit that was brought in a United States district court to challenge the legality of the suspension of a mining permit by the Federal Office of Surface Mining, Reclamation, and Enforcement. The dismissal was based on the plaintiff's failure to exhaust its administrative remedies. Concluding that the action could only have been maintained in the Court of Claims, we shall vacate the judgment and remand the case for a determination as to whether it ought to be transferred to that court.
 
 
 2
 * The Office of Surface Mining ("OSM") issued a surface mining permit to plaintiff Rith Energy, Inc., on January 3, 1986. The permit related to 89 acres of land in Bledsoe County, Tennessee. During the summer of 1986, OSM discovered that Rith's mining operation would disturb material of far greater toxicity than Rith had estimated in its permit application. OSM therefore ordered the suspension of Rith's mining operations until the company submitted an appropriate revision to its permit.
 
 
 3
 Rith did not appeal the suspension order, but submitted several proposed permit revisions. All were rejected.
 
 
 4
 Rith submitted its final plan, Significant Revision # 10, on August 30, 1988. On the following day, Rith filed an action in the United States District Court for the Eastern District of Tennessee, alleging that OSM had taken its property without just compensation and had violated its rights to due process of law and equal protection of the laws.
 
 
 5
 On September 6, 1988, OSM rejected Rith's final proposed permit revision. Rith initiated an administrative review of the rejection soon thereafter. The district court then stayed Rith's action pending resolution of the administrative appeal.
 
 
 6
 On January 25, 1989, Rith filed a second action in district court. The complaint asked for judicial review of the September 6th rejection of Rith's final proposed permit revision and prayed for an award of damages in the amount of $5 million. Rith also requested a temporary restraining order to bar administrative review of the September 6th decision.
 
 
 7
 The request for a restraining order was denied. An administrative trial was conducted as scheduled, and on March 28, 1989, an administrative law judge issued an opinion upholding OSM's rejection of Rith's proposed permit revision.
 
 
 8
 Judicial review of the March 28th administrative ruling was sought in an action filed by Rith in the district court in November of 1989. The three pending cases were subsequently consolidated by order of a magistrate. In October of 1990, upon Rith's motion, the district court dismissed the action in which Rith had sought judicial review of the March 28th ruling.
 
 
 9
 On cross motions for summary judgment, the district court thereafter dismissed the remaining actions on the ground that Rith had not exhausted its administrative remedies. This appeal followed. Acknowledging that the permit expired by its own terms during the pendency of the litigation, Rith does not seek injunctive relief; its sole claim is for a money judgment.
 
 II
 
 10
 Jurisdiction is predicated on the Federal Tort Claims Act, 28 U.S.C. § 1346(b), and the "Little Tucker Act," 28 U.S.C. § 1346(a)(2). The latter statute provides for district court jurisdiction only where the claim does not exceed $10,000, however, and we have held that the United States Claims Court has exclusive jurisdiction over money claims against the United States for more than $10,000. Matthews v. United States, 810 F.2d 109, 111 (6th Cir.1987). Applying that principle in Anchor Pointe Boat-A-Minium Association, Inc., v. Meinke, 860 F.2d 215 (6th Cir.1988), we held that the district court lacked jurisdiction under the Federal Tort Claims Act over a claim for compensation under the Takings Clause of the Fifth Amendment that exceeded $10,000. Id. at 218-219.
 
 
 11
 Rith argues that this case is distinguishable from Anchor Pointe because Rith is alleging an illegal taking, while the Anchor Pointe plaintiff merely sought compensation for lawful government action. However, "[i]t is not the nature of the cause of action which determines whether jurisdiction is vested in the district court or the Claims Court but rather the nature of the relief requested." Id. at 218-19, quoting Matthews, 810 F.2d at 111. Because Rith seeks $5 million in damages, jurisdiction over its claim rests exclusively in the United States Claims Court. This would be so even if there were no failure to exhaust administrative remedies, and we see no need for us to reach the exhaustion question.
 
 
 12
 We therefore VACATE the judgment of the district court and REMAND the case to the district court with instructions to determine whether it would be in the interest of justice to transfer the matter to the United States Court of Claims pursuant to 28 U.S.C. § 1631.
 
 
 
 *
 The Honorable William O. Bertelsman, Chief Judge of the United States District Court for the Eastern District of Kentucky, sitting by designation